**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

_____

STATE OF LOUISIANA, et al.,

    *Plaintiffs,*

              v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY and
MICHAEL REGAN, in his official capacity
as Administrator of the United States
Environmental Protection Agency

    *Defendants.*

_____

No. 23-CV-01714

## DEFENDANTS' ANSWER TO COMPLAINT

    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants the Environmental

Protection Agency ("EPA") and Michael Regan, in his official capacity as Administrator of the

United States Environmental Protection Agency, plead as follows in response to Plaintiffs'

Complaint, *see* ECF No. 1.

    The first sentence of the first introductory paragraph constitutes Plaintiffs' characterization

of their own case, to which no response is required. To the extent a response is required,

Defendants deny the allegations. The second sentence of the first introductory paragraph

characterizes Section 401 of the Clean Water Act, which speaks for itself and provides the best

evidence of its contents. To the extent the allegations are inconsistent with Section 401 or

otherwise require a response, Defendants deny them. The third sentence of the first introductory

1

paragraph characterizes the Clean Water Act Section 401 Water Quality Certification Improvement Rule, 88 Fed. Reg. 66,558 (Sept. 27, 2023) (the "2023 Rule"), which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. Defendants deny the allegations in the fourth sentence of the first introductory paragraph.

The second introductory paragraph constitutes Plaintiffs' characterization of their own case, to which no response is required. To the extent a response is required, Defendants deny the allegations in the second introductory paragraph.

## I.  INTRODUCTION[1]

1.     The allegations in Paragraph 1 characterize a statute, the Clean Water Act, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

2.     The allegations in the first sentence of Paragraph 2 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, with regard to the allegations in the first sentence of Paragraph 2, Defendants admit only that infrastructure projects such as solar, wind, clean hydrogen, carbon capture, hydropower, and pipeline projects can require federal permits that trigger section 401. The remaining allegations in the first sentence of Paragraph 2 contain vague and ambiguous characterizations, and on that basis, Defendants lack sufficient information to admit or deny them. To the extent a response is required, Defendants deny all allegations in the first sentence of Paragraph 2 not specifically admitted. Defendants admit the allegations in the second sentence of Paragraph 2.

3.     The allegations in Paragraph 3 characterize a statute, the Clean Water Act, which

---

[1] Topic headings are from the Complaint and incorporated here solely for ease of reference. Their use does not constitute any admission by Defendant. Subheadings have not been included.

speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

4.      The allegations in Paragraph 4 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 4.

5.      The allegations in Paragraph 5 characterize a superseded EPA rule, the 2020 Water Quality Certification Rule, 85 Fed. Reg. 42,210 (July 13, 2020) (the "2020 Rule") that is no longer in effect but speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule or otherwise require a response, Defendants deny them.

6.      Defendants deny the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 constitute Plaintiffs' characterization of their own case, to which no response is required. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 7.

8.      Defendants deny the allegations in the first sentence of Paragraph 8. The allegations in the second sentence of Paragraph 8 characterize the 2023 Rule, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. Defendants deny the allegations in the third and fourth sentences of Paragraph 8.

9.      Defendants deny the allegations in the first sentence of Paragraph 9. The allegations in the second sentence of Paragraph 9 characterize the 2023 Rule, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in the first sentence of Paragraph 11. As to the second sentence, Defendants admit only that where a State denies a water quality certification under Section 401, the federal agencies are prohibited from issuing a permit or license for that project, and deny the remaining allegations. Defendants deny the allegations in the third sentence of Paragraph 11.

12.     The allegations in Paragraph 12 constitute Plaintiffs' characterization of their own case, to which no response is required. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 12.

## II.  THE PARTIES

13.     Defendants admit the allegations in the first sentence of Paragraph 13. The second and third sentences of Paragraph 13 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 13. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 13 not specifically admitted.

14.     Defendants admit the allegations in the first sentence of Paragraph 14. The second and third sentences of Paragraph 14 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 14. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 14 not specifically admitted.

15.     Defendants admit the allegations in the first sentence of Paragraph 15. The second

and third sentences of Paragraph 15 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 15. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 15 not specifically admitted.

16.     Defendants admit the allegations in the first sentence of Paragraph 16. The second and third sentences of Paragraph 16 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 16. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 16 not specifically admitted.

17.     Defendants admit the allegations in the first sentence of Paragraph 17. The second and third sentences of Paragraph 17 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 17. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 17 not specifically admitted.

18.     Defendants admit the allegations in the first sentence of Paragraph 18. The second and third sentences of Paragraph 18 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 18. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 18 not specifically admitted.

19.     Defendants admit the allegations in the first sentence of Paragraph 19. The second and third sentences of Paragraph 19 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 19. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 19 not specifically admitted.

20.     Defendants admit the allegations in the first sentence of Paragraph 20. The second and third sentences of Paragraph 20 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 20. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 20 not specifically admitted.

21.     Defendants admit the allegations in the first sentence of Paragraph 21. The second and third sentences of Paragraph 21 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 21. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 21 not specifically admitted.

22.     Defendants admit the allegations in the first sentence of Paragraph 22. The second and third sentences of Paragraph 22 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 22. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 22 not specifically

admitted.

23.     Defendants admit the allegations in the first sentence of Paragraph 23. The second and third sentences of Paragraph 23 constitute Plaintiffs' characterization of their own case, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 23. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 23 not specifically admitted.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit the allegations in the first sentence of Paragraph 25. The allegations in the second sentence of Paragraph 25 characterize State Plaintiffs' comments on the proposed 2023 Rule, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the comments or otherwise require a response, Defendants deny them. Defendants deny the allegations in the third sentence of Paragraph 25.

26.     The allegations in Paragraph 26 characterize State Plaintiffs' comments on the proposed 2023 Rule, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with the comments or otherwise require a response, Defendants deny them.

27.     Defendants deny the allegations in Paragraph 27.

28.      The allegations in Paragraph 28 contain vague and ambiguous characterizations, and on that basis, Defendants lack sufficient information to admit or deny them. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 28.

29.     Defendants lack sufficient information to admit or deny the allegations in

Paragraph 29. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 29.

30.     The allegations in the first sentence of Paragraph 30 characterize the 2023 Rule, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. Defendants lack sufficient information to admit or deny the allegations in the second sentence of Paragraph 30. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 30.

31.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 31. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 31.

32.     The allegations in Paragraph 32 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 32.

33.     The allegations in Paragraph 33 state legal conclusions that require no response. The allegations in Paragraph 33 also characterize the 2023 Rule, which speaks for itself and provides the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

34.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 34. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 34.

35.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 35. To the extent a response is required to any of the foregoing allegations,

Defendants deny all allegations in Paragraph 35.

36.     Defendants admit the allegations in the first sentence of Paragraph 36. The remaining allegations in Paragraph 36 characterize the American Petroleum Institute's comments on EPA's proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments or otherwise require a response. Defendants deny them.

37.     Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 37. The allegations in the second sentence of Paragraph 37 constitute legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 37 not specifically admitted.

38.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 38. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 38.

39.     The allegations in the first through sixth sentences of Paragraph 39 characterize documents relating to an unspecified water quality certification request, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the certification request or otherwise require a response. Defendants deny them. The allegations in the final sentence in Paragraph 39 constitute legal conclusions that require no response. To the extent a response is required to the allegations in the final sentence, Defendants deny all allegations not specifically admitted.

40.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 40. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 40.

41.     Defendants admit only that the interstate pipeline network connects natural gas to American homes and businesses, which may use the fuel for heating, cooking, generating electricity, and manufacturing U.S. goods such as plastics, paint, medicines, and fertilizer. The remaining allegations in Paragraph 41 contain vague and ambiguous characterizations and expressions of opinion, and on that basis, Defendants lack sufficient information to admit or deny them. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 41 not specifically admitted.

42.     The allegations in the first sentence of Paragraph 42 contain vague and ambiguous characterizations and expressions of opinion, and on that basis, Defendants lack sufficient information to admit or deny them. Defendants lack sufficient evidence to admit or deny the allegations in the second and third sentences of Paragraph 42. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 42.

43.     With respect to the allegations in the first sentence of Paragraph 43, Defendants admit only that natural gas pipeline projects may require authorization from the Corps under CWA Section 404, as well as compliance with multiple federal statutes designed to protect the environment, such as the Clean Air Act and the Endangered Species Act. With respect to the allegations in the second sentence, Defendants admit only that a natural gas pipeline project that spans multiple state borders may require multiple Section 401 water quality certifications. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 43. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 43 not specifically admitted.

44.     The allegations in Paragraph 44 characterize the Natural Gas Act, 15 U.S.C. § 1717, which speaks for itself and is the best evidence of its contents. To the extent the allegations

are inconsistent with the Natural Gas Act or otherwise require a response, Defendants deny them.

45.     The allegations in Paragraph 45 characterize the Natural Gas Act, 15 U.S.C. § 1717, and a judicial decision that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Natural Gas Act or the judicial decision or otherwise require a response, Defendants deny them.

46.     Defendants admit the allegations in the first sentence of Paragraph 46. The remaining allegations in Paragraph 46 characterize the Interstate Natural Gas Association of America's comments on EPA's proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments or otherwise require a response, Defendants deny them.

47.     The allegations in Paragraph 47 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 47.

48.     Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 48. The allegations in the second sentence of Paragraph 48 state legal conclusions that require no response. Defendants lack sufficient information to admit or deny the allegations in the third sentence of Paragraph 48. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 48 not specifically admitted.

49.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 49. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 49.

50.     Defendants lack sufficient information to admit or deny the allegations in

Paragraph 50. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 50.

51.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 51. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 51.

52.     The allegations in the first and fourth sentence of Paragraph 52 contain vague and ambiguous characterizations and expressions of opinion, and on that basis, Defendants lack sufficient information to admit or deny them. Defendants lack sufficient evidence to admit or deny the allegations in the second sentence of Paragraph 52. The third sentence of Paragraph 52 contains an uncited quotation relating to hydroelectricity, and Defendants therefore lack sufficient information to admit or deny the allegations in the third sentence of Paragraph 52.

53.     As to the first sentence of Paragraph 53, Defendants admit only that hydropower development projects subject to FERC licensing may involve FERC, federal and state resource agencies, and water quality certification under Section 401 of the CWA. The remaining allegations in the first sentence and the allegations in the second sentences of Paragraph 53 contain vague and ambiguous characterizations and expressions of opinion, and on that basis, Defendants lack sufficient information to admit or deny them. Defendants lack sufficient evidence to admit or deny the allegations in the third sentence of Paragraph 53. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 53 not specifically admitted.

54.     Defendants lack sufficient information or admit or deny the allegations in the first sentence of Paragraph 54. The allegations in the second sentence of Paragraph 54 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

55.     Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 55. The second sentence of Paragraph 55 characterizes unspecified documents relating to a National Hydropower Association member's subsidiaries' Section 401 requests for certification, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents or otherwise require a response, Defendants deny them. The allegations in the third sentence of Paragraph 55 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 55 also state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 55 not specifically admitted.

56.     Defendants admit that the National Hydropower Association filed comments on the proposed Rule. The remaining allegations in Paragraph 56 characterize the National Hydropower Association's comments on the proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those comments or otherwise require a response, Defendants deny them.

57.     Defendants admit only that members of API, INGAA, and NHA are subject to regulation under the 2023 Rule for activities requiring certification pursuant to Section 401 of the CWA. Defendants lack sufficient information to admit or deny the remaining allegations in the first sentence of Paragraph 57 and the allegations in the second sentence of Paragraph 57. The allegations in the third sentence of Paragraph 57 characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations

are inconsistent with Section 401 of the Clean Water Act or otherwise require a response, Defendants deny them. Defendants lack sufficient information to admit or deny the allegations in the fourth and fifth sentences of Paragraph 57. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 57 not specifically admitted.

58.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 58. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 58.

59.     With regard to the first sentence of Paragraph 59, Defendants deny that Plaintiffs' members are harmed by the 2023 Rule. The remaining allegations in the first sentence of Paragraph 59 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 59 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the third and fourth sentences of Paragraph 59 state legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

60.     The allegations in Paragraph 60 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 60.

61.     Defendants lack sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 61. To the extent a response is required to any of the foregoing allegations, Defendants deny them. Defendants deny the allegations in the third

sentence of Paragraph 61.

62.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 62. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 62.

63.     Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 63. With regard to the allegations in the second sentence of Paragraph 63, Defendants admit that Association Plaintiffs, as well as Louisiana, Arkansas, Mississippi, Missouri, Montana, Oklahoma, West Virginia, and Wyoming, participated as intervenors in defense of the 2020 Rule in *California, et al.* v. *Wheeler,* No. 3:20-cv-04869 (N.D. Cal.); *Suquamish Tribe, et al. v. Wheeler,* 3:20-cv-06137 (N.D. Cal.); *American Rivers v. Wheeler,* 3:20-cv-04636 (N.D. Cal.); and *Delaware Riverkeeper Network, et al.* v. *United States Envtl. Prot. Agency et al.,* 2:20-cv-03412 (E.D. Pa.). The same group of Association and State Plaintiffs, with the exception of Montana, also intervened in a fifth case, *South Carolina Coastal Conservation League, et al. v. Wheeler*, 2:20-cv-03062 (D.S.C.). Defendants admit the allegations in the third sentence of Paragraph 63. To the extent a response is required to any of the foregoing allegations, Defendants denies all allegations in Paragraph 63 not specifically admitted.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants admit the allegations in Paragraph 66.

67.     With regard to the allegations in Paragraph 67, Defendants admit only that Michael S. Regan is the Administrator of the EPA. The remaining allegations in Paragraph 67 state legal conclusions that require no response. To the extent a response is required to any of the

foregoing allegations, Defendants deny all allegations in Paragraph 67 not specifically admitted.

### III. JURISDICTION AND VENUE

68.     The allegations in Paragraph 68 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 68.

69.     The allegations in the first sentence of Paragraph 69 state legal conclusions that require no response. Defendants lack sufficient information to admit or deny the allegations in the second sentence of Paragraph 69. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 69.

### IV. BACKGROUND

70.     The allegations in Paragraph 70 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

71.     The allegations in Paragraph 71 characterize the Clean Water Act and a judicial decision that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Clean Water Act or the judicial decision or otherwise require a response, Defendants deny them.

72.     The allegations in Paragraph 72 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

73.     The allegations in Paragraph 73 characterize the Water Quality Improvement Act of 1970. To the extent the allegations are inconsistent with the Water Quality Improvement Act of 1970 or otherwise require a response, Defendants deny them.

74.     The allegations in Paragraph 74 characterize the Clean Water Act and a judicial decision that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Clean Water Act or the judicial decision or otherwise require a response, Defendants deny them.

75.     The allegations in Paragraph 75 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

76.     The allegations in Paragraph 76 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

77.     The allegations in Paragraph 77 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

78.     The allegations in Paragraph 78 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

79.     Defendants admit the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

81.     The allegations in Paragraph 81 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

82.     The allegations in Paragraph 82 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

83.     The allegations in Paragraph 83 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them.

84.     Defendants admit the allegations in Paragraph 84, except that the regulations were first issued at 36 Fed. Reg. at 8563 (May 8, 1971), not 36 Fed. Reg. at 22,369, 22,487 (November 25, 1971).

85.     With regard to the allegations in the first sentence of Paragraph 85, Defendants admit only that statutory changes to the Clean Water Act in 1972 created Section 401 and that EPA did not revise its 1971 regulations governing the Section 401 certification process until 2020. The allegations in the second sentence of Paragraph 85 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 85 not specifically admitted.

86.     The allegations in Paragraph 86 characterize unspecified state certification denials, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those state certification denials or otherwise require a response, Defendants deny them.

87.     The allegations in the first sentence of Paragraph 87 characterize a certification request for the Millennium Valley Lateral Project, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the certification request or otherwise require a response, Defendants deny them. The allegations in the second

sentence of Paragraph 87 characterize the New York State Department of Environmental Conservation's certification denial, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the certification denial or otherwise require a response, Defendants deny them.

88.     The allegations in Paragraph 88 state legal conclusions that require no response. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 88.

89.     The allegations in the first through fourth sentences of Paragraph 89 characterize the materials related to the certification request for the Constitution Pipeline, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those materials or otherwise require a response, Defendants deny them. Defendants lack sufficient information to admit or deny the allegations in the fifth sentence of Paragraph 89. To the extent a response is required to any of the foregoing allegations, Defendants deny all allegations in Paragraph 89.

90.     The allegations in the first sentence of Paragraph 90 characterize unspecified materials submitted to EPA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those unspecified materials or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 90 characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Executive Order 13,868 or otherwise require a response, Defendants deny them.

91.     The allegations in Paragraph 91 characterize EPA's 2019 proposed water quality certification rule, which speaks for itself and is the best evidence of its contents. To the extent

the allegations are inconsistent with the proposed rule or otherwise require a response, Defendants deny them.

92.     Defendants admit only that after a 60-day comment period and review and consideration of those comments, EPA issued the 2020 Rule, which became effective on September 11, 2020, and that the 2020 Rule was superseded by the 2023 Rule on November 27, 2023. Defendants deny all remaining allegations in Paragraph 92.

93.     The allegations in Paragraph 93 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Defendants deny them.

94.     The allegations in Paragraph 94 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Defendants deny them.

95.     The allegations in Paragraph 95 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Defendants deny them.

96.     The allegations in Paragraph 96 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Defendants deny them.

97.     The allegations in Paragraph 97 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Defendants deny them.

98.     The allegations in Paragraph 98 characterize the 2020 Rule and the dissent in *PUD No. 1 v. Wash. Dep't of Ecology*, 511 U.S. 700, 728 (1994) (Thomas, J., dissenting), which

speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or the dissent, Defendants deny them.

99.     The allegations in Paragraph 99 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Defendants deny them.

100.     Defendants admit only that after taking office, President Biden signed Executive Order 13,900 on January 20, 2021. The remaining allegations in Paragraph 100 characterize Executive Order 13,900, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Executive Order 13,900 or otherwise require a response, Defendants deny them.

101.     Defendants admit only that EPA undertook review of the 2020 Rule in response to Executive Order 13,900, and that, as a result of that review, EPA announced its intent to revise the 2020 Rule, and published a proposed rule on June 9, 2022, opening a 60-day public comment period. Defendants deny the remaining allegations in Paragraph 101.

102.     Defendants admit only that Plaintiffs filed comments on the proposed rule. The remaining allegations in Paragraph 102 characterize Plaintiffs' comments on the proposed rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments or otherwise require a response, Defendants deny them.

103.     Defendants admit only that EPA published a final rule on September 27, 2023, which became effective on November 27, 2023, as to all actions taken as part of the section 401 certification process. Defendants deny all allegations in Paragraph 103 not specifically admitted.

104.     The allegations in the first sentence of Paragraph 104 characterize the 2023 Rule,

which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Rule or otherwise require a response, Defendants deny them. Defendants deny the allegations in the second sentence of Paragraph 104.

## V.  FACTUAL ALLEGATIONS

105.    The allegations in the first sentence of Paragraph 105 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 105 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or the 2023 Rule or otherwise require a response, Defendants deny them.

106.    The allegations in Paragraph 106 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

107.    The allegations in Paragraph 107 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

108.    The allegations in Paragraph 108 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

109.    The allegations in Paragraph 109 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

110.    The allegations in the first sentence of Paragraph 110 characterize the proposed 2023 Rule, which speaks for itself and is the best evidence of its contents. The allegations in the

second and third sentences of Paragraph 110 characterize Plaintiff INGAA's comments to the proposed 2023 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with either the proposed 2023 Rule or INGAA's comments to the proposed 2023 Rule, or otherwise require a response, Defendants deny them.

111.    The allegations in Paragraph 111 characterize the 2023 Rule and Defendants' Response to Comments, which speak for themselves and are the best evidence of their contents. To the extent these allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

112.    The allegations in the first sentence of Paragraph 112 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 112 characterize 40 C.F.R. § 121.6(a), which speaks itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or 40 C.F.R. § 121.6(a) or otherwise require a response, Defendants deny them.

113.    The allegations in Paragraph 113 contain vague and ambiguous characterizations and speculation, and on that basis, Defendants lack sufficient information to admit or deny them. To the extent a response is required to any of the foregoing allegations, Defendants deny them.

114.    The allegations in the first sentence of Paragraph 114 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 114 state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

115.    The allegations in Paragraph 115 characterize the Clean Water Act and a judicial

decision, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Clean Water Act or the judicial decision or otherwise require a response, Defendants deny them. The allegations in Paragraph 115 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

116.     The allegations in Paragraph 116 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule or otherwise require a response, Defendants deny them. The allegations in Paragraph 116 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

117.     The allegations in Paragraph 117 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in Paragraph 117 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

118.     The allegations in the first sentence of Paragraph 118 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 118 state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

119.     The allegations in Paragraph 119 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in

Paragraph 119 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

120.    The allegations in Paragraph 120 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in Paragraph 120 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

121.    The allegations in the first sentence of Paragraph 121 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 121 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the foregoing allegations are inconsistent with the Clean Water Act or the 2023 Rule, or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 121 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

122.    The allegations in the first sentence of Paragraph 108 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 115 state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

123.    The allegations in Paragraph 123 characterize the opinion in *PUD No. 1 v. Wash. Dep't of Ecology*, 511 U.S. 700 (1994), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that opinion or otherwise require a response, Defendants deny them.

124.   The allegations in Paragraph 124 characterize the opinion in *PUD No. 1 v. Wash. Dep't of Ecology*, 511 U.S. 700 (1994), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that opinion or otherwise require a response, Defendants deny them.

125.   The allegations in Paragraph 125 characterize the 2023 Rule and the opinion in *PUD No. 1 v. Wash. Dep't of Ecology*, 511 U.S. 700 (1994), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2023 Rule or that opinion or otherwise require a response, Defendants deny them. The allegations in Paragraph 125 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

126.   The allegations in Paragraph 126 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in Paragraph 126 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

127.   The allegations in Paragraph 127 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

128.   The allegations in the first and second sentences of Paragraph 128 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 128 state legal conclusions that require no response. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the third sentence of Paragraph 128 state legal conclusions that

require no response. To the extent a response is required, Defendants deny them.

129.    The allegations in Paragraph 129 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

130.    The allegations in the first sentence of Paragraph 130 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 130 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the first sentence of Paragraph 130 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

131.    The allegations in Paragraph 131 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

132.    The allegations in the first sentence of Paragraph 132 characterize the Clean Water Act and the 2023 Rule, which speak for themselves and are the best evidence of their contents. To the extent those allegations are inconsistent with the Clean Water Act or the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the third sentence of Paragraph 132 are speculative and Defendants lack sufficient information to admit or deny them.

133.    The allegations in Paragraph 133 characterize several court opinions, which are speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those court opinions or otherwise require a response, Defendants deny them.

The allegations in Paragraph 133 also state legal conclusions that require no response. To the extent a response is required, Defendants deny them.

134.    The allegations in Paragraph 134 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in Paragraph 134 also state legal conclusions that require no response. To the extent those allegations in Paragraph 134 require a response, Defendants deny them.

135.    The allegations in Paragraph 135 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

136.    The allegations in Paragraph 136 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

137.    The allegations in Paragraph 137 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

138.    The allegations in Paragraph 138 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

139.    The allegations in Paragraph 139 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

140.    The allegations in Paragraph 126 characterize the Clean Water Act, which speaks

for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or otherwise require a response, Defendants deny them. The allegations in Paragraph 140 also state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them.

141.    The allegations in the first sentence of Paragraph 141 characterize the 2023 Rule and the Clean Water Act, which speak for themselves and are the best evidence of their contents, and state legal conclusions that require no response. The allegations in the second sentence of Paragraph 141 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or the Clean Water Act, or otherwise require a response, Defendants deny them.

142.    The allegations in Paragraph 142 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

143.    The allegations in Paragraph 143 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

144.    The allegations in Paragraph 144 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

145.    The allegations in Paragraph 145 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

146.    The allegations in Paragraph 146 state legal conclusions that require no response.

To the extent the allegations in Paragraph 146 require a response, Defendants deny them.

147.    The allegations in Paragraph 147 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

148.    The allegations in Paragraph 148 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

149.    The allegations in Paragraph 149 characterize the 2023 Rule and 40 C.F.R. § 121.3(b), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2023 Rule or 40 C.F.R. § 121.3(b), or otherwise require a response, Defendants deny them.

150.    The allegations in the first sentence of Paragraph 150 characterize 40 C.F.R. § 121.7(e)(3), which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 150 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with 40 C.F.R. § 121.7(e)(3) or the 2023 Rule, or otherwise require a response, Defendants deny them.

151.    The allegations in Paragraph 151 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

152.    The allegations in Paragraph 152 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

153.    The allegations in Paragraph 153 state legal conclusions that require no response.

To the extent the allegations in Paragraph 153 require a response, Defendants deny them.

154.     The allegations in Paragraph 154 state legal conclusions that require no response. To the extent the allegations in Paragraph 154 require a response, Defendants deny them.

155.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 155. To the extent the allegations in Paragraph 155 require a response, Defendants deny them.

156.     The allegations in the first sentence of Paragraph 156 characterize an alleged certification request, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that certification request or otherwise require a response, Defendants deny them. Further, to the extent the allegations in that sentence concern the motivation of Plaintiffs' alleged member, EPA lacks sufficient information to admit or deny them. The allegations in the second sentence of Paragraph 156 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 156 also contain vague and ambiguous characterizations and speculation, and on that basis, Defendants lack sufficient information to admit or deny them. The allegations in Paragraph 156 also state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them.

157.     The allegations in the first sentence of Paragraph 157 characterize an alleged certification request and 40 C.F.R. § 121.3 (2020), which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 157 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the alleged certification request, the 2023 Rule, or 40 C.F.R.

§ 121.3 (2020), or otherwise require a response, Defendants deny them. The allegations in the third sentence of Paragraph 157 state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them.

158.     The allegations in the first sentence of Paragraph 158 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent any of the foregoing allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them. The allegations in the first sentence of Paragraph 158 state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them. The allegations in the second and third sentences of Paragraph 158 contain speculative statements, and Defendants lack sufficient information to admit or deny them. To the extent any of the foregoing allegations are otherwise require a response, Defendants deny them.

159.     The allegations in the first sentence of Paragraph 159 characterize an alleged certification request, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 159 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the alleged certification request or the 2023 Rule, or otherwise require a response, Defendants deny them. The allegations in the third sentence of Paragraph 159 state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them. The allegations in the fourth and fifth sentences of Paragraph 159 contain speculative statements, which Defendants lack sufficient information to admit or deny. The allegations in the fourth and fifth sentences of Paragraph 159 also state legal conclusions that require no response. . To the extent that any of the allegations in the fourth and fifth sentences require a response, Defendants deny them.

160.    The allegations in the first and second sentences of Paragraph 160 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 160 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule or the 2023 Rule, or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 160 also contain vague and ambiguous characterizations and speculation, and on that basis, Defendants lack sufficient information to admit or deny them.

161.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 161. The allegations in the second sentence of Paragraph 161 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule, or otherwise require a response, Defendants deny them. The allegations in the third sentence of Paragraph 161 contain speculative statements, which Defendants lack sufficient information to admit or deny. The allegations in the third sentence of Paragraph 161 also contain legal conclusions that require no response. To the extent any of the allegations in the third sentence of Paragraph 161 require a response, Defendants deny all allegations not specifically admitted.

162.    The allegations in Paragraph 162 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

163.    The allegations in Paragraph 163 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

164.    The allegations in Paragraph 164 characterize the 2023 Rule, which speaks for

itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

165.    The allegations in Paragraph 165 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

166.    The allegations in the first sentence of Paragraph 166 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 166 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act or the 2023 Rule, or otherwise require a response, Defendants deny them. The allegations in the second sentence of Paragraph 166 also state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them.

167.    The allegations in the first sentence of Paragraph 167 contain vague and ambiguous characterizations, and on that basis, Defendants lack sufficient information to admit or deny them. Defendants lack sufficient information to admit or deny the allegations in the second sentence of Paragraph 167. The allegations in the second sentence also state a legal conclusion that requires no response. To the extent the allegations in Paragraph 167 require a response, Defendants deny them.

168.    The allegations in Paragraph 168 characterize the Wyoming Environmental Quality Act and the Clean Water Act, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Wyoming Environmental Quality Act or the Clean Water Act, or otherwise require a response, Defendants deny them. The allegations in the second sentence also state a legal conclusion that requires no response. To the

extent those allegations require a response, Defendants deny them.

169.    As to the allegations in the first sentence of Paragraph 169, Defendants admit only that a footnote in the 2023 Rule acknowledged specific national parks identified by 16 U.S.C. Chapter 1 as having lands of exclusive federal jurisdiction. The remaining allegations in the first sentence of Paragraph 169 contain vague and ambiguous characterizations, and on that basis, Defendants lack sufficient information to admit or deny them. Defendants also lack sufficient evidence to admit or deny the allegations in the second and third sentences of Paragraph 169. To the extent the allegations in Paragraph 169 require further response, Defendants deny all allegations not specifically admitted.

170.    The allegations in Paragraph 170 state legal conclusions that require no response. To the extent the allegations in Paragraph 170 require a response, Defendants deny them.

171.    The allegations in Paragraph 171 characterize various court opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the opinions or otherwise require a response, Defendants deny them. The allegations in Paragraph 171 also state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them.

172.    The allegations in Paragraph 172 state legal conclusions that require no response. To the extent the allegations require a response, Defendants deny them.

173.    The allegations in the first sentence of Paragraph 173 characterize the 2023 Rule and Defendants' Response to Comments, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 173 characterize the proposed 2023 Rule, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 173 characterize Plaintiff INGAA's comments on

the proposed 2023 Rule, which speak for themselves and are the best evidence of their contents. The allegations in the fourth sentence of Paragraph 173 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with either the proposed 2023 Rule, Defendants' Response to Comments, INGAA's comments on the proposed 2023 Rule, or the 2023 Rule, or otherwise require a response, Defendants deny them. The allegations in the first sentence also state a legal conclusion that requires no response. To the extent those allegations require a response, Defendants deny them.

174.    The allegations in the first sentence of Paragraph 174 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 174 characterize Plaintiff INGAA's comments on the proposed 2023 Rule, the 2023 Rule, and Defendants' Response to Comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the submitted comments, the 2023 Rule, or Defendants' Response to Comments, or otherwise require a response, Defendants deny them. The allegations in the second sentence also state a legal conclusion that requires no response. To the extent those allegations require a response, Defendants deny them.

175.    The allegations in Paragraph 175 characterize Plaintiff API's comments on the proposed 2023 Rule, the 2023 Rule, and Defendants' Response to Comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the submitted comments, the 2023 Rule, or Defendants' Response to Comments, or otherwise require a response, Defendants deny them. The allegations also state a legal conclusion that requires no response. To the extent those allegations require a response, Defendants deny them.

176.    The allegations in the first and third sentences of Paragraph 176 characterize Plaintiff API's comments to the proposed 2023 Rule, the 2023 Rule, and Defendants' Response to Comments, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 176 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the submitted comments, the 2023 Rule, or Defendants' Response to Comments, or otherwise require a response, Defendants deny them. The allegations in the first and third sentences also state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them.

177.    The allegations in the first, third, and fourth sentences of Paragraph 177 characterize Plaintiff INGAA's comments to the proposed 2023 Rule, the 2023 Rule, and Defendants' Response to Comments, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 177 characterize the 2023 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the submitted comments, the 2023 Rule, or Defendants' Response to Comments, or otherwise require a response, Defendants deny them. The allegations in the first, third, and fourth sentences also state legal conclusions that require no response. To the extent those allegations require a response, Defendants deny them.

178.    The allegations in Paragraph 178 characterize the opinion in *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983), which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 178 are inconsistent with that opinion or otherwise require a response, Defendants deny them.

179.    The allegations in Paragraph 179 characterize the 2023 Rule, which speaks for

itself and is the best evidence of its contents, and state legal conclusions that require no response. To the extent the allegations are inconsistent with the 2023 Rule or otherwise require a response, Defendants deny them.

180.     The allegations in Paragraph 180 characterize the proposed 2023 Rule, which speaks for itself and is the best evidence of its contents, and state legal conclusions that require no response. To the extent the allegations are inconsistent with the proposed 2023 Rule or otherwise require a response, Defendants deny them.

## CLAIMS FOR RELIEF

### Count One

181.     In response to the allegations in Paragraph 181, Defendants incorporate their responses to Paragraphs 1 through 180.

182.     The allegations in Paragraph 182 characterize the Clean Water Act and the 2023 Rule, which speak for themselves and are the best evidence of their contents, and state legal conclusions that require no response. To the extent the allegations are inconsistent with the Clean Water Act or the 2023 Rule, or otherwise require a response, Defendants deny them.

183.     The allegations in Paragraph 183 state legal conclusions that require no response. To the extent the allegations in Paragraph 183 require a response, Defendants deny them.

### Count Two

184.     In response to the allegations in Paragraph 184, Defendants incorporate their responses to Paragraphs 1 through 183.

185.     The allegations in Paragraph 182 characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Administrative Procedure Act or otherwise require a response, Defendants

deny them.

186.    The allegations in Paragraph 182 characterize the Administrative Procedure Act and the opinion in *Motor Vehicle Mfr. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Administrative Procedure Act or the opinion in *State Farm*, or otherwise require a response, Defendants deny them. The allegations in Paragraph 186 also state legal conclusions that require no response. To the extent those allegations in Paragraph 186 require a response, Defendants deny them.

187.    The allegations in Paragraph 187 state legal conclusions that require no response. To the extent the allegations in Paragraph 187 require a response, Defendants deny them.

The remainder of Plaintiffs' Complaint consists of their prayer for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## **GENERAL DENIAL**

If any allegation is not admitted or specifically responded to, Defendants deny that allegation.

## **DEFENSES**

Defendants reserve the right to assert every affirmative or other defense that may be available, including any defenses available under Federal Rules of Civil Procedure 8 or 12.

Dated: February 6, 2024                    Respectfully Submitted,

                                           TODD KIM
                                           Assistant Attorney General

Environment and Natural Resources Division
U.S. Department of Justice

 /s/ *Elisabeth H. Carter*
ELISABETH H. CARTER
CAITLIN MCCUSKER
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
202-598-3141
Elisabeth.carter@usdoj.gov

**Attorneys for Defendants**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on February 6, 2024, a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Elisabeth H. Carter*
ELISABETH H. CARTER