UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STATE OF LOUISIANA, ET AL.** | : | **CIVIL ACTION NO. 2:23-cv-01714** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **US ENVIRONMENTAL PROTECTION AGENCY, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a motion to intervene as defendants filed by conservation groups National Wildlife Federation and American Whitewater. Doc. 86. The time for response has passed with none being filed, making the motion ripe for resolution.

For the reasons stated, **IT IS ORDERED** that the motion be **GRANTED**.

## I.
### BACKGROUND

This lawsuit concerns changes in 2023 to the administrative regulations involved in obtaining a permit in compliance with Section 401 of the Clean Water Act, i.e., 2023 Clean Water Act Section 401 Water Quality Certification Improvement Rule. 88 Fed. Reg. 66,558 (Sept. 7, 2023). Section 401 requires:

> Any applicant for a Federal license or permit to conduct any activity including, but not limited to, the construction or operation of facilities, which may result in any discharge into the navigable waters, shall provide the licensing or permitting agency a certification from the State in which the discharge originates or will originate . . . that any such discharge will comply with the applicable provisions [of this Act].

33 U.S.C. § 1341(a)(1). Subsection 401(d) mandates that any certification from a certifying authority "shall set forth any effluent limitations and other limitations, and monitoring

requirements" necessary to ensure compliance with applicable provisions of the Clean Water Act as well as "with any other appropriate requirement of State law set forth in such certification." § 1341(d).

In 2020, the EPA updated its regulations to establish the scope of Section 401 "as protecting the quality of waters of the United States from point source discharges associated with federally licensed or permitted activities by requiring compliance with water quality requirements . . . ." Clean Water Act Section 401 Certification Rule, 85 Fed. Reg. 42,210, 42,229 (July 13, 2020). In 2023, the EPA again updated its regulations implementing the Clean Water Act, and this 2023 Rule required a water quality certification review of the entire proposed activity, not just the discharges. Doc. 1, ¶ 8.

Plaintiffs are states and entities that oppose the 2023 Rule. Doc. 1. Instead, they favor the 2020 Rule. Doc. 1, ¶ 5. Made defendants are the United States Environmental Protection Agency and Michael Regan, in his capacity as Administrator of the EPA. Doc. 1, ¶¶ 66–67. Several states later intervened to defend the 2023 Rule (collectively, "State Intervenors"). Docs. 40, 51.

National Wildlife Federation and American Whitewater ("applicants") filed the instant motion, also seeking to intervene as defendants. Doc. 86. No response was filed. The court will therefore treat the motion as unopposed.

## II.
### LAW AND ANALYSIS

A motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a). If no federal statute confers an unconditional right to intervene, Rule 24(a)(2) is controlling. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). A motion to intervene under Rule 24(a)(2) is proper when

> (1) the motion to intervene is timely; (2) the potential intervener (sic) asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Id.* (quoting *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)).  The applicant must satisfy each element to show a right to intervene. *Louisiana v. Haaland*, No. 2:23-CV-01157, 2023 WL 5989052, at *2 (W.D. La. Sept. 14, 2023) (citing *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 542–43 (5th Cir. 2022)).

The Fifth Circuit has adopted a "broad policy favoring intervention." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016).  The rule is to be liberally construed with doubts resolved in favor of the applicant. *Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016).  The Fifth Circuit has instructed that intervention "should generally be allowed where 'no one would be hurt and greater justice could be attained.'" *Ross*, 426 F.3d at 753 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).  Thus, the inquiry is a flexible one, focusing on the facts and circumstances of each application, and the right is "measured by a practical rather than technical yardstick." *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)).

    A. Timeliness

The timeliness analysis is contextual and is to be determined from all the circumstances. *Wal-Mart Stores, Inc.*, 834 F.3d at 565.  The motion notes, at the time it was filed, there were no dispositive motions pending, and no scheduling order had been issued by the court. Doc. 86, att. 1, p. 9.  Additionally, the administrative record was filed into the record only nineteen days prior to this motion's filing. *Id.*; doc. 70.  Furthermore, applicants did not seek to be heard on the then-pending Motion for Preliminary Injunction [doc. 2]. Doc. 86, att. 1, p. 9.  Because the instant

motion was filed during the early stages of this litigation and applicants did not seek to delay any pending motions, the motion to intervene was timely. *See Wal-Mart Stores, Inc.*, 834 F.3d at 565–66 (finding a motion to intervene timely where applicant sought intervention before discovery progressed and did not seek to reconsider or delay portions of the litigation that had already concluded).

B. *Legally protectable interest*

To support intervention, an applicant's interest "must be direct, substantial, and legally protectable." *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014) (internal quotations omitted). This factor "may be judged by a more lenient standard if the case involves a public interest question or is brought by a public interest group." *Id.* at 344. An interest suffices under Rule 24 if "it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (quoting *Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015)). This test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Sierra Club*, 18 F.3d at 1207.

Applicants have satisfied Rule 24(a)'s interest requirement. Specifically, applicants utilize the Section 401 process to protect water quality and advocate for the protection of waterways to ensure fish, wildlife, and recreation associated with those waterways remain sustainable. Doc. 86, att. 1, pp. 10–15. Applicants expended "significant resources" opposing the 2020 Rule plaintiffs seek to reinstate and supporting the promulgation of the 2023 Rule, which plaintiffs ask this court to declare unlawful. *Id.* at pp. 11–12. Furthermore, the relief sought by plaintiffs could affect applicants' ability to fulfill their stated purpose of "preservation and protection of the nation's

water resources." *Id.* at p. 6.  Therefore, applicants have a legally protectable interest in these proceedings.

Applicants also satisfy the interest requirement due to their representation of their members' interests in the waterways affected by the Section 401 process.  Members of both National Wildlife Federation and American Whitewater utilize the affected waterways for work, recreation, etc. *Id.* at pp. 13–14.  For example, Bobby Bower, a member of American Whitewater, stated in a sworn declaration that he and his family travel around the country to paddle whitewater rivers, many of which are subject to conditions in the Section 401 certifications. Doc. 86, att. 2, p. 150.  Additionally, Mr. Bower's business ventures, as enumerated in his declaration, depend upon clean water and access to rivers, and thus, the states' ability to ensure compliance with water quality standards affects his livelihood. *Id.* at pp. 150–51.

Robert Brown, a member of and decision maker for National Wildlife Federation, provides another example of an interest represented by applicants.  As explained in his sworn declaration, Mr. Brown frequently enjoys water-based recreation, including fishing, hunting, and kayaking. Doc. 86, att. 2, p. 160.  He is also a member of a paddling club, and he observes wildlife while he is on the water. *Id.*  Many of the waterbodies he uses for his recreation are affected by Section 401 certifications issued by North Carolina. *Id.* at p. 162.

The sworn declarations from applicants' members indicate that the members use areas affected by Section 401 certifications, and those members are persons for whom the economic, aesthetic, and recreational values of the waterways will be lessened if plaintiffs receive the requested relief.  The contents of the sworn declarations would therefore be sufficient to state an injury in fact for standing purposes, *Friends of the Earth, Inc. v. Laidlaw Environmental Services*

*(TOC), Inc.*, 528 U.S. 167, 183, 120 S. Ct. 693, 705 (2000), and thus, *a fortiori*, applicants have a legally protectable interest in these proceedings to support intervention of right.

C. *Impairment of ability to protect interest*

Applicants must next show that "disposition of the action may, as a practical matter, impair or impede [their] ability to protect that interest." *La Union del Pueblo Entero*, 29 F.4th at 307 (brackets in original) (quoting *Texas v. United States*, 805 F.3d at 657). To satisfy this element, applicants need only show there is a possibility their interest could be impaired or impeded if they cannot intervene. *Id.* (citing *Brumfield*, 749 F.3d at 344–45)).

A favorable decision for plaintiffs in this matter will effectively revive the 2020 Rule, which applicants claim "would allow greater degradation of wildlife habitat[s] in waters downstream of projects that require Section 401 approvals." Doc. 86, att. 2, p. 157. Applicants, through the declaration of Robert Brown, claim reinstating the 2020 Rule will make it harder for states to control runoff and temperature pollution, which could drive away cold-water fish such as trout. Doc. 86, att. 2, pp. 160–61. Without such controls in place, it is possible Mr. Brown and others who enjoy fishing and wildlife observation will be unable to engage in those activities with regard to cold-water fish. Furthermore, should plaintiffs prevail, applicants will need to expend more resources to continue opposing the 2020 Rule. Because a result in plaintiff's favor would likely negatively affect the interest of applicants as well as the interest of their members, the impairment requirement is satisfied.

D. *Adequacy of representation*

"The applicant has the burden of demonstrating inadequate representation, but this burden is minimal." *Louisiana v. Haaland*, 2023 WL 5989052, at *3 (quoting *Entergy Gulf States La., LLC*, 817 F.3d at 203). The applicant "must only show that the existing representation '*may* be

inadequate'; this showing need not amount to a certainty." *Guenther*, 50 F.4th at 543 (emphasis in original) (quoting *La Union del Pueble Entero*, 29 F.4th at 307–08).

Nevertheless, the applicant must overcome two presumptions. *Id.* The first presumption applies when one party is a representative of the absentee by law. *Id.* This presumption is inapplicable here. The second presumption arises when the applicant has the same ultimate objective as a party to the case. *Louisiana v. Haaland*, 2023 WL 5989052, at * 3 (citing *La Union del Pueblo Entero*, 29 F.4th at 308). This presumption can be overcome if the applicant shows an "adversity of interest, collusion, or nonfeasance on the part of the existing party." *La Union del Pueblo Entero*, 29 F.4th at 308 (quoting *Texas*, 805 F.3d at 661–62). An applicant shows adversity of interest by showing its interests "diverge from the putative representative's interests in a manner germane to the case." *Guenther*, 50 F.4th at 543 (quoting *Texas*, 805 F.3d at 662).

Applicants concede they share the same ultimate objective as the defendants and State Intervenors: upholding the 2023 Rule. Doc. 86, att. 1, p. 17. However, applicants claim their interests are narrower and more specific than those of the defendants and State Intervenors. *Id.* On the one hand, the defendants and State Intervenors must balance the interests of many stakeholders, including applicants, when making both policy and litigation decisions. Applicants, on the other hand, need not consider conflicting interests from other groups when advocating for certain policy preferences or making litigation decisions. *Id.* Furthermore, the interests of the defendants and State Intervenors have previously diverged with applicants' interests regarding the application and interpretation of Section 401 when the defendants and State Intervenors adopted approaches less stringent than those applicants advocated. *Id.* at pp. 19–20; doc. 86, att. 2, pp. 152 (¶ 11) & 162 (¶ 12). Thus, applicants' interests diverge from those of the defendants and State Intervenors in a

manner germane to the case. Accordingly, applicants have satisfied the criteria for intervention of right.

### III.
### CONCLUSION

For the reasons stated, **IT IS ORDERED** that the Motion to Intervene [doc. 86] be **GRANTED**.

THUS DONE AND SIGNED in Chambers this 3rd day of June, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE