IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al. <br><br> *Defendants*. | No. 23-CV-01714 |

**MOTION TO HOLD MATTER IN ABEYANCE**

Defendants the United States Environmental Protection Agency and Lee Zeldin, in his official capacity as Administrator of the United States Environmental Protection Agency[1] (collectively, "EPA"), respectfully move the Court to hold this case in abeyance for ninety days to provide an opportunity for new EPA leadership to review the rule being challenged in this case. Counsel for EPA has conferred with counsel for all other parties and is informed that the Parties do not oppose placing this case in abeyance with a status report due in ninety days.

In support of this motion, EPA states:

1. In this case, Plaintiffs challenge an EPA final rule titled, "Clean Water Act Section 401 Water Quality Certification Improvement Rule," 88 Fed. Reg. 66558 (September 27, 2023) ("2023 Rule").

---

[1] Administrator Zeldin is automatically substituted for his predecessor, former Administrator Michael Regan. *See* Fed. R. Civ. P. 25(d).

2. The 2023 Rule set forth regulatory requirements for water quality certification under section 401 of the Clean Water Act, 33 U.S.C. § 1341. The 2023 Rule is being challenged by eleven States and three trade associations representing members in the petroleum, natural gas, and hydropower industries. Nineteen State and governmental agencies and two non-profit conservation groups have intervened in support of the 2023 Rule.

3. Due to the recent change in administration on January 20, 2025, there is new EPA leadership. Those new Agency officials are currently in the process of onboarding and familiarizing themselves with the issues presented in this case and related litigation. To provide new leadership with sufficient time to familiarize themselves with these issues and determine how they wish to proceed, EPA respectfully requests that the Court place this case in a brief abeyance, with a status report from EPA due in ninety days. An abeyance will conserve judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that any positions taken by EPA before this Court reflect the views of current Agency leadership. EPA reserves the right to seek to extend the abeyance beyond the ninety days as circumstances require.

4. Undersigned counsel conferred with counsel for each party. The Parties do not oppose placing this case in abeyance with a status report due in ninety days.

Dated: February 7, 2025

                                                    Respectfully submitted,

                                                    LISA LYNNE RUSSELL
                                                    *Deputy Assistant Attorney General*

                    *s/ Rachel D. Martinez*
                    RACHEL D. MARTINEZ
                    SAMUEL STRATTON
                    Environmental Defense Section
                    Environment and Natural Resources Division
                    U.S. Department of Justice
                    P.O. Box 7611
                    Washington, D.C.  20044
                    (202) 616-5589 (Martinez)
                    (202) 514-6535 (Stratton)
                    Rachel.Martinez@usdoj.gov
                    Samuel.Stratton@usdoj.gov