# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al. <br><br> *Defendants*. | No. 23-CV-01714 |

### DEFENDANTS' STATUS REPORT AND
### SECOND MOTION TO HOLD MATTER IN ABEYANCE

Defendants the United States Environmental Protection Agency and Lee Zeldin, in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA"), submit this Status Report in accordance with the Court's Order of February 11, 2025, and respectfully move the Court to hold this case in abeyance for an additional sixty days. A further abeyance is necessary to provide an opportunity for EPA leadership to review the rule being challenged in this case. Counsel for EPA has conferred with counsel for all other parties, who confirmed that no party opposes holding this case in abeyance for an additional sixty days with a status report due at the end of that period.

In support of this motion, EPA states:

1. In this case, Plaintiffs challenge an EPA final rule titled, "Clean Water Act Section 401 Water Quality Certification Improvement Rule," 88 Fed. Reg. 66558 (September 27, 2023) ("2023 Rule").

2.     The 2023 Rule set forth regulatory requirements for water quality certification under section 401 of the Clean Water Act, 33 U.S.C. § 1341. The 2023 Rule is being challenged by eleven States and three trade associations representing members in the petroleum, natural gas, and hydropower industries. Nineteen State and governmental agencies and two non-profit conservation groups have intervened in support of the 2023 Rule.

3.     On February 11, 2025, the Court granted EPA's unopposed motion to hold this case in abeyance for ninety days with a status report due at the end of that period.

4.     EPA officials are still in the process of reviewing the issues presented in this case and in related litigation. To provide EPA leadership with sufficient time to determine how to proceed, EPA respectfully requests that the Court hold this case in abeyance for an additional sixty days with a status report due at the end of that period. A further abeyance will conserve judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that any positions taken by EPA before this Court reflect the views of current Agency leadership. EPA reserves the right to seek to further extend the abeyance as circumstances require.

5.     Undersigned counsel has conferred with counsel for each party. The Parties do not oppose holding this case in abeyance for an additional sixty days.

Dated: May 12, 2025

                                              Respectfully submitted,

                                              ADAM R.F. GUSTAFSON
                                              *Acting Assistant Attorney General*

            */s/* SAMUEL B. STRATTON
            SAMUEL B. STRATTON
            RACHEL D. MARTINEZ
            Environmental Defense Section
            Environment and Natural Resources Division
            U.S. Department of Justice
            P.O. Box 7611
            Washington, D.C.  20044
            (202) 514-6535 (Stratton)
            (202) 616-5589 (Martinez)
            Samuel.Stratton@usdoj.gov
            Rachel.Martinez@usdoj.gov